IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-50673
Conference Calendar

RICKEY MACKEY

Plaintiff-Appellant

v.

CITY OF SAN ANTONIO; CHIEF ALBERT ORTIZ; NICK STROMBOE; PETER
OVALLE; DAVID NOUHAN

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-796

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Rickey Mackey, Texas prisoner # 838026, moves this court for permission to appeal in forma pauperis (IFP) from the dismissal of his civil rights complaint against the City of San Antonio (the City); the former Chief of Police, Albert Ortiz; and three San Antonio police officers, Nick Stromboe, Peter Ovalle, and David Nouhan. Mackey alleged that on July 24, 2003, the defendant-officers (1) entered his motel room without probable cause or a search warrant,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) conducted an illegal search and seizure, (3) failed to advise him of his Miranda[1] rights, and (4) coerced him into confessing. Mackey averred further that Stromboe forged his name on the allegedly coerced confession and that the defendant-officers committed perjury. Mackey alleged that the City failed to implement a policy to prevent such constitutional violations and that Ortiz failed to properly train and supervise the officers.

The district court determined that all of Mackey's claims, save his claim that the defendant-officers committed perjury, were barred by the applicable two-year statute of limitations. The district court determined further that the defendant-officers were entitled to absolute immunity with regard to Mackey's perjury claim.

Mackey's IFP motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If the appeal is frivolous, we may dismiss it sua sponte under 5TH CIR. R. 42.2. See Baugh, 117 F.3d at 202 n.24.

Mackey lists as issues the district court's determinations that his perjury claim was barred by the doctrine of absolute immunity and that his remaining claims were untimely. He does not specifically challenge the district court's analysis, nor does he provide an argument in support of his contention that the district court erred in determining that he failed to present an arguable or nonfrivolous issue for appeal. Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to address the basis for the district court's

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

denial of IFP, Mackey has abandoned the issue.  Id.; see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Mackey has not demonstrated that his appeal raises legal points that are arguable on the merits, we uphold the district court's order certifying that the appeal is not taken in good faith.  Mackey's IFP motion is denied, and his appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  In light of the dismissal of the appeal, Mackey's motions for production of documents, supplementation of brief on appeal, and appointment of counsel are denied.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Mackey earned prior strikes in Mackey v. Stromboe, No. 5:05-CV-00904 (W.D. Tex. Mar. 31, 2006) and Mackey v. Gutierrez, 5:02-CV-00084 (W.D. Tex. Apr. 10, 2003).  As Mackey now has accumulated at least three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.